**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS ARTEAGA DAZA; et al.,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-5301<br><br>Agency Nos.<br>A240-854-239<br>A240-854-240<br>A240-854-241<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Jose Luis Arteaga Daza, Claudia Patricia Ospina Ciro, and their child,

natives and citizens of Colombia, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order denying their motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' timely motion to reopen where petitioners did not introduce previously unavailable, material evidence. *See* 8 U.S.C. § 1229a(c)(7)(B); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (BIA can deny a motion to reopen for "failure to introduce previously unavailable, material evidence").

To the extent petitioners seek review of the BIA's January 22, 2024, order, the petition for review is untimely because it was filed on August 29, 2024, more than 30 days after the date of the order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Alonso-Juarez v. Garland*, 80 F.4th 1039, 1046-47 (9th Cir. 2023) (section 1252(b)(1) deadline is mandatory though not jurisdictional).

To the extent petitioners contend the BIA violated their right to due process, we reject this contention as unsupported by the record.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**